Fusion Auto Fin., LLC v Long Is. Raceway, LLC (2024 NY Slip Op 50196(U))

[*1]

Fusion Auto Fin., LLC v Long Is. Raceway, LLC

2024 NY Slip Op 50196(U)

Decided on February 8, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 8, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-218 S C

Fusion Auto Finance, LLC, Appellant,
against
Long Island Raceway, LLC, Respondent, et al., Undertenants. 

Bond, Schoeneck & King, PLLC (Giuseppe Franzella of counsel), for appellant.
Turturro Law, P.C. (Natraj S. Bhushan of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Second District (Garrett W. Swenson, Jr., J.), entered January 12, 2023. The order granted tenant's motion to dismiss the petition in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
In this commercial holdover proceeding, tenant moved to dismiss the petition. The District Court granted tenant's motion on the grounds that the notice to cure was deficient in that it failed to sufficiently notify tenant of the complained-of conditions, and that the petition was also defective.
We agree with the District Court that the notice to cure was defective, albeit on a different ground. As argued by tenant in its motion to dismiss, the notice to cure was defective in that it failed to inform tenant of the duration of the cure period (see 416 W 25th St. Lender LLC v 416 W. 25th St. Assoc., LLC, 182 AD3d 432, 432 [2020] ["Plaintiff's notice to cure was deficient, as it failed to inform the borrower of the 30—day period to cure"]). The notice did not even reference the lease provision where the cure period could be found (cf. NL Industries, Inc. v PaineWebber Inc., 720 F Supp 293, 300 [SD NY 1989] ["where, as here, the cited lease provision contains all the information necessary to calculate the permissible period for cure, and the consequences if no cure is effected, that information need not be recited in the notice"]).
We reach no other issue.
Accordingly, the order is affirmed.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 8, 2024